Cite as 2024 Ark. App. 5

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-20

| | | |
|---|---|---|
| | | Opinion Delivered January 10, 2024 |
| LEROY JACKSON | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60CR-20-2159] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| | | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant LeRoy Levelle Jackson appeals his conviction in the Pulaski County Circuit Court for rape and internet stalking of a child, to which he was sentenced to twenty-five years' and ten years' imprisonment, respectively, with the two sentences to run concurrently. Jackson argues that there was insufficient evidence to convict him of internet stalking of a child because the State failed to introduce substantial evidence that he used a means of electronic communication to arrange a meeting with a minor for the purpose of engaging in deviant sexual activity. We affirm.

The victim was Jackson's stepdaughter (Minor Child), who was under the age of fourteen. The incident leading to Jackson's arrest occurred on May 4, 2020. Jackson asked Minor Child how much money she needed for her Roblox gaming account. He sent a text

to Minor Child that stated, "I give u the money blow me." Not understanding what Jackson meant, Minor Child asked if she had to do chores or "be kind" in order to get the money. Jackson quickly corrected her, stating she had to "suck his penis." Despite Minor Child's protests, Jackson prevailed; Minor Child went downstairs to Jackson's "man cave" where Minor Child performed oral sex on Jackson.

On May 8, 2022, Investigator Ryan Jacks of the Arkansas State Police Criminal Division was assigned a priority one CyberTip report from the National Center for Missing and Exploited Children (NCMEC). NCMEC is a nonprofit organization that assists in missing children, abducted children, sexual exploitation, and victimization of children, using an algorithm which monitors social media platforms for words or phrases that might involve talk of abduction or sexual acts toward a child or exploitation of a child. Facebook Messenger had reported to NCMEC that they had a possible inappropriate conversation between an adult and a child. Facebook Messenger Kids was the actual platform, but Facebook was the main entity that reported it. A CyberTip provides the names of the account holder, the names of the two parties that were communicating and the name of the parent account holder. Investigators ran that information through Arkansas Crime Information Center to learn the address of the account holder. Investigator Jacks was able to identify an address associated with this account because the parent account and the account of Leroy Jackson both had the same address. After Jackson was mirandized, Investigator Jacks interviewed Jackson who admitted he sent the messages but said they were meant for his wife not his

stepchild. Jackson was arrested at the end of this interview for rape and internet stalking of a child.

At trial after the State's case-in-chief, Jackson moved for a directed verdict, stating the following:

> [T]he State failed to make a prima facia case that Mr. Jackson committed internet stalking of a child . . . [and] the person being over the age of 21 did that knowingly using a computer or some sort of chat message or board to communicate, seduce, or lure . . . someone under the age of 15 years old with the purpose of engaging in sexual intercourse against the peace and dignity of the State of Arkansas.

Jackson merely recited the statute with which he was charged and failed to mention that the statute required him to arrange a meeting with Minor Child, the very argument he now raises on appeal. Jackson also moved for a directed verdict at the close of the evidence, stating he stood on his earlier arguments in his motion for directed verdict at the close of the State's case, which the court again denied.

This court reviews a motion for a directed verdict as a challenge to the sufficiency of the evidence and will affirm the circuit court's denial of a motion for directed verdict if there is substantial evidence, either direct or circumstantial, to support the jury's verdict. *See Flowers v. State*, 373 Ark. 127, 282 S.W.3d 767 (2008). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* In reviewing the sufficiency of the evidence, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the State—without weighing it against conflicting evidence that may be favorable to the appellant—and affirm the verdict if

3

it is supported by substantial evidence. We need only consider the testimony that supports the verdict of guilty. *Thomas v. State*, 312 Ark. 158, 847 S.W.2d 695 (1993).

In order to preserve for appeal the issue of the sufficiency of the evidence, a defendant must first raise the issue to the circuit court as provided in Ark. R. Crim. P. 33.1. Rule 33.1(a) provides that, in a jury trial, a defendant must challenge sufficiency by a specific motion for directed verdict at the close of the evidence offered by the prosecution and at the close of all of the evidence. A defendant's failure to raise the issue at the times and in the manner required by the rule will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the judgment. Ark. R. Crim. P. 33.1(c).

A motion for directed verdict is inadequate if it states, "that the evidence is insufficient [and] does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense." Ark. R. Crim. P. 33.1(c); *Smith v. State*, 367 Ark. 274, 239 S.W.3d 494 (2006). The motion must specifically advise the circuit court as to how the evidence was deficient. *Smith*, *supra* (citing *Nelson v. State*, 365 Ark. 314, 229 S.W.3d 35 (2006); *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000)). The reason underlying this requirement that specific grounds be stated and that the absent proof be pinpointed is that it allows the circuit court the option to either grant the motion or, if justice requires, allow the State to reopen its case to supply the missing proof. *Id.* (citing *Webb v. State*, 327 Ark. 51, 938 S.W.2d 806 (1997)). We will not address the merits of an appellant's insufficiency argument where the directed-verdict motion is not specific. *See Newman v. State*, 353 Ark. 258, 106 S.W.3d 438 (2003).

In the present case, Jackson stated only that there was insufficient evidence and read the statute under which he was charged without specifying either the manner in which it was insufficient, or the element(s) of the offense now alleged not to have been proved by the State. Having reviewed the record, we conclude that appellant's directed-verdict motion was nonspecific. Therefore, we will not address appellant's sufficiency-of-the-evidence argument on appeal. Accordingly, we affirm the circuit court's denial of appellant's motion for directed verdict.

Affirmed.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Mac J. Carder*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.